Mr. Maldonado Good morning, Your Honor. May it please the Court, my name is Javier Maldonado, and I represent Rodrigo Vazquez, the plaintiff appellant in this appeal. I am delivering the argument that our friend and colleague, Lisa Brodiaga, intended to deliver. However, she passed away last week. So sorry. Yes, we all feel it, Your Honor. Mr. Vazquez sued the State Department because it denied his passport application on the ground that he presented insufficient evidence of citizenship. Mr. Vazquez sought review of that denial under the Administrative Procedure Act, the APA. The issue before this Court is whether the District Court erred in finding that Mr. Vazquez's suit under the APA is barred by 8 U.S.C. 1503A of the Immigration and Nationality Act because that statute is an adequate alternate remedy, notwithstanding the fact that Mr. Vazquez's limitations. Virtually all the circuits and others that have dealt with this, is the APA available in the statute, even some where time has told and said, look, you can't use the APA where there is an adequate remedy available otherwise in the statute. I haven't read a case yet in the bunch that says something different. So, you're asking us to sort of overrule that, cut a new pathway? What about this is different that would make us discern, swimming upstream, that the APA is there as an alternate or backup or whatever, for whatever reason, in your primary brush you lose, either it's untimely or whatever, whatever the case, so what's, how would we get there? Correct, Your Honor. 1503A is a bar to the APA only if it's available to the plaintiff. If it's not available to the plaintiff, it's not a bar. And so what we have here is for the court first to determine whether Mr. Vazquez's claim that he was denied his passport based on insufficiency of evidence of citizenship comes within 1503A. That was a question. Okay. I understand that that is your question, but what about the fact that the letter said it does not appear that you have a claim to U.S. citizenship? Isn't that a conclusion that you're not a U.S. citizen? No, Your Honor, because the State Department never made a final finding that Mr. Vazquez was not a citizen or was not a national. I mean, the problem to me, I understand the concept that, you know, you might have hit me with your car, but if I don't put on any evidence of that, then I don't win the lawsuit against you. I mean, I get the concept of evidence versus sort of reality, but it seems to me in the citizenship world, there could always be some argument you didn't even realize your mother was born in the U.S. You're running around trying to say your dad was and working on that, and it turns out, oh, my heck, my mother was, so I'm going to make that assertion. So it's always sort of true you could find something, and it could turn out that even though I was born in the U.S., I lived in the U.S. all my life, something happened where I decided to become a citizen in Canada. I did not, but someone does and didn't ever tell anyone. So this notion that the insufficient evidence is somehow vastly different from not being a citizen, I don't agree with the magistrate judge on that. Well, but, Your Honor, what we're dealing here is with the words of the statute, and the statute clearly say that you can sue in federal court, 15038, you can sue in federal court if the denial of the right or privilege was based upon the fact that you're not a national. But what I'm saying is this notion that evidence is sort of irrelevant, I mean, I just have a problem with that, because you could always say, I mean, you're always, the problem always is you didn't prove you were a citizen. How else could we conclude you weren't? But what we're looking for is what did the agency decide in reviewing the claim of the passport applicant? Whatever may come later in terms of the evidence, in order for this court to take jurisdiction, not this court, the district court, it has to first make a determination that it has subject matter jurisdiction. And it only has subject matter jurisdiction if Congress has specified in 1503A that it will include causes of action such as Mr. Vazquez, which is insufficiency of the evidence. And that is not what Congress did. Recall that the statute of limitation here is fairly harsh in Gonzalez v. Limon, in Hossa v. Horn, those individuals were denied the right to go to federal court. So before that statute of limitations can be triggered, this court first has to make a determination, the district court, that it has jurisdiction over the claim. And for this reason, two panels of this court says, we reserve the issue for a later date. We decline to make a decision whether insufficiency of the evidence comes within 1503A. That was said in Martinez v. Pompeo, and that was said in Cambranes v. Blinken. And so we have judges in this circuit that have questions about the scope of 1503A. And we can only determine that by looking at the statute and what did Congress say was covered by 1503A. If the statute is clear... I guess what I'm trying to understand, if you have to prove something and you don't, isn't that always the issue? I mean, so then you're not that X because you didn't prove you were that X. I mean, is Congress really saying, oh, well, you are a citizen even though you didn't prove it? I mean, what? Again, I understand the language point, but it seems almost like the text is being thrown out into the sky instead of the practicality, which is you have a burden of proof and you don't meet it, then you are not a U.S. citizen. I understand that, Your Honor, and if I could say that, you know, I think Congress intended only certain causes of action to come within 1503A. And it excluded those of insufficiency of evidence. It's not an academic or theoretical or practical issue. It's because Congress recognizes that as to certain claims, the individual should go to federal court and get a declaration of citizenship when they've been told by the agency, you are not a citizen. That did not happen in Mr. Vasquez's case. He was not told, you are not a citizen. He was told, you haven't presented sufficient evidence. Let me put a different scenario on the statute. If the statute had simply said any individual who is denied a right or privilege as a national of the United States may sue in federal court, I think that would be a very different case because the language there would be fairly expansive. Any sort of denial would come within that language. But Congress didn't do that. What Congress did is it says we will only allow those claims that are denied based on federal court. So the plain language resolves the issue in this case. This court's decisions in Martinez v. Pompeo and in Cambranes v. Blinken avoided the issue. It expressly said we decline towards the issue because it didn't have to deal with it. It just says the claim that Martinez says it's time barred. I mean, we regularly issue opinions and don't reach matters that we don't have to reach because we dispose of the case on a different ground. You know, it just says Martinez section 1503 claim is time barred under Gonzalez. Therefore the district court probably dismissed it. And then it disposes of the 1503 remedy. And because of that, it doesn't reach the other arguments. So I mean, I don't read how the panel was troubled by these questions. It simply had three claims made. It disposed of. It says two of them we don't need to reach. It found that there was an adequate remedy, 1503 there. So I'm just not seeing where you're talking about the panels were troubled by, you know, this jurisdictional piece. I've just, you know, re-read it up here while you were arguing. I just don't see it there. But point is, you have five, six minutes left. I understand, Your Honor. You've got that. I'm just saying if there are other things you want to argue, you can, but the whole time is yours. If I can just point out to the court. The language that the court used in Martinez was that the plaintiff appellant forfeited that argument. Mr. Vasquez stands in a very different situation, very different position. We are not forfeiting that argument. We are asking the court to look at the statute and determine whether his claim comes within 1503A. Because if it doesn't come within 1503A, then he has an APA claim on the issue of whether the State Department correctly denied the passport based on insufficiency of the evidence. You say his claim doesn't come within 1503A because the relief was denied because of insufficient evidence. That's your argument? That's correct, Your Honor. And the same argument, Your Honor, in Cambranes v. Blinken, where the court, where the plaintiff appellant conceded the issue as well, and when we try to raise it on appeal, when I try to raise it on appeal, the court told me, no, you cannot do that. You have waived that issue. And so when issues have not been presented to this court, and the court has acknowledged that the legal issue has not been ruled upon by the court, then I think Mr. Vazquez has a right to demand a ruling on his argument. That he stands on a different footing from Martinez and from Cambranes. So we have the plain language of the statute. Just recently, the Supreme Court, in this Chavez v. Garland, reminded us that you've got to look at the statute no matter what policy talk, no matter what else you may say, if the language is clear, you can't deviate. But if we're looking at the statute, like what was the purpose? The purpose was that you were denied a passport based on citizenship, not you failed to pay for the passport, or you're on probation as a criminal and you're not allowed to leave the country, or you attacked an airplane so we don't let you fly out of the country. I mean, I don't know. I don't know other reasons to deny passports, but I'm guessing there's a lot. So in that bucket, one of them is, you ain't a U.S. citizen, and that's the bucket this one's in, and he didn't prove that he was. So he's in that bucket, as opposed to the bucket where he didn't pay a fee or he had some criminal penalty or something. But that's what has happened with the precedent surrounding 1503A. We know what the statute says. And the initial cases dealt with individuals where there had been a denial based on citizenship. There was the case of Gonzalez v. Limon, which originally in 2008, the court says, yes, you have, the person had been denied based on the fact that he was not a citizen. That was true for Hauer. That was true for the other, Hauer, Bensky, Whitehead. And all these cases are factually different. I mean, to me in this case, it looked like he had a better argument. I've got a brother. He presented this, and you gave him a passport. I'm his brother. I presented the same thing, and you didn't. To me, that was a pretty potent argument to say, what's up? I did the same thing. But that's not what's here. You're arguing sort of, to me, this square peg in a round hole in terms of an advisory from us about what's jurisdictional and so forth. At bottom, you know, one thing says he's born in Mexico. Something else says the U.S. The government says, look, we don't show they revoked his passport. You've got to show that you fit in. So I'm just not seeing how. I understand, Your Honor, but I can't make that argument to the court that I'm being treated, that Mr. Vazquez is being treated different than his brother unless I first establish jurisdiction in the court. I agree this is a slam dunk. This is not the first case that we've dealt with where USCIS or the State Department treats two siblings differently. But we can't present that argument to the court unless we first establish jurisdiction, whether it be under the 1503A, or whether it's under the APA, or whether it's under mandamus, or whether it's under the U.S. Constitution. We first have to establish jurisdiction in the court to convince the court that a wrong was made against Mr. Vazquez because his brother was found to be a citizen on the same evidence, but Mr. Vazquez was not. What's the case you're most relying on to get relief from this panel? The case I'm most relying on, Your Honor, I would say the Supreme Court case, Ms. Chavez, on statutory reading, construction of statutes. But there are, as well, district court cases that have recognized the fact that insufficiency of the evidence, claims of insufficiency of the evidence, do not come within 1503. The panel in Cambranes v. Blinken cited to one Saleh v. Pompeo. There's a 1954 case from the Third Circuit, Lingshire Yee v. Atchison. And then there are other New York cases, Ali v. Tillerson. Let me ask it this way. What's the best Fifth Circuit case you have that helps you out? The Fifth Circuit has not addressed this issue, Your Honor. That's why we are here. So we're riding on a clean slate. We're riding on the statute, Your Honor. That's not my question. I said, so you're saying this panel is riding on a clean slate? I would say that the court's president in Martinez and Cambranes and Gonzalez has given the court an understanding of 1503a. And the court has an opportunity now to properly interpret the statute. OK. I asked you twice. You chose to answer something other than what I asked you. I'm not insulted by it. I get it. You're a skillful advocate. Sounds like a Fifth Amendment claim. It's not the first time it's been done. But just let it be said, I gave you your shot. So you've advocated passionately. So you've reserved your rebuttal time, Mr. Maldonado. Let's hear from the department. And we're very sorry about the loss of your colleague. That's really sad. How do you pronounce it, Mr. Alaska? Alaska. It's like the state with an H. I was going to say that, but I was afraid to. All right. You're up, sir. Thank you, Your Honors. And before I begin, I just want to express our condolences also for the loss of Ms. Bordiaga. May it please the court, Alexander Alaska from the Department of Justice on behalf of the State Department. This court should affirm the decision below for two simple reasons. First, Mr. Vasquez cannot challenge the denial of his passport application under the APA because Section 1503A provides him with an adequate alternative remedy, including in cases where the State Department denies a passport application for insufficient evidence of US citizenship. And second, Mr. Vasquez lacks a viable APA claim because the United States has not waived its sovereign immunity for passport denial claims filed more than five years after the first final administrative denial. Turning to my first point, the APA generally provides a cause of action for individuals who are aggrieved by agency action, but it specifically removes jurisdiction where another statute provides an adequate alternative remedy. This court in recent years has held on several occasions that Section 1503A is exactly the statute that provides an adequate alternative remedy. So do you agree, though, with the magistrate judge, if we were truly on a clean slate, and just no Fifth Circuit had ever even discussed 1503, would you agree with the magistrate judge that insufficient evidence is not the same thing as not being a citizen? I wouldn't, Your Honor, and I think you were addressing this point earlier. When an individual is denied because of insufficient evidence of asserted citizenship, it's necessarily based on a finding that the individual is not a citizen, and this is what the Seventh and the Ninth Circuits found in the 1954 and 1955 cases. The Seventh Circuit called this argument something that was... Why isn't it a finding that there's just not enough evidence to establish that you are a citizen? Why isn't it that and not a finding that you are not a citizen? Because what they said is insufficiency of evidence to establish your citizenship. Correct. That's all it said. So why can't we just say, well, all that means is the evidence is insufficient to establish that you are, but we're not making a finding that you are not. I think as a matter of administrative practice, that is the finding that the State Department issues when, you know, the evidence presented to the agency fails to establish that. But in terms of the actual implications for Section 1503A, that individual is necessarily presumed not to be a citizen when you can't proffer sufficient evidence to establish that citizenship. And in that situation, an individual has five years to file a de novo action in federal court. This is a much more generous review provision than the deferential APA standard of review. And I think the fact that this case... I mean, finding that the US birth certificate is fake and the Mexican birth certificate is legitimate in some other case is finding that you're not a US citizen. That may be wrong. Maybe the US birth certificate was real. Maybe you really are a citizen, but we found it to be fake. I guess I'm just struggling with how insufficiency of the... I mean, I know you don't... This is your argument. I'm just struggling with how insufficiency of the evidence means you are a citizen, but, man, too bad. I understand, like I said, if I had a car wreck case and I didn't prove that... If I didn't put on any evidence that you hit me with your car, I ain't going to win. I get that, but that's how our cases work. I mean, there's no other way to get to X without proof of X. That's just how it works, so I don't know. I think that's exactly correct. I'm just kind of... I understand the textual argument the magistrate judge made, but I don't understand how you would ever have court proceedings, agency proceedings, without there being evidence. And if you don't have evidence, you don't prove X.  In the State Department's proceedings, Mr Vasquez was allowed, I believe at least one, several opportunities, though, to submit further evidence of his father's physical presence in the United States because that was the provision of the Immigration and Nationality Act that he claimed citizenship by acquisition. And he was unable to present evidence that, in the State Department's estimation, demonstrated that he was a US citizen. And so, at that point, he had five years to go to federal court for a de novo action, in which case he was free to take discovery and, you know, in a situation where the district court wouldn't have been deferring to the State Department's finding of fact or its conclusions of law at all. And so that's... The fact that he also advances that argument in this case, he claims that he should be permitted APA review, but he also shouldn't be bound by the APA's deferential standards because he believes that the State Department's procedures were inadequate. But if that's the case, then he had a remedy in federal court, which was to seek de novo review within five years of the first final administration. OK, well, I mean, he's arguing that he didn't have that remedy because this insufficient evidence is different from the text. So, tell me this. If the magistrate judge is right and the two are different, are we on a clean slate? Can we hold that? Or are we not able to do that? I don't think this court can do that, Your Honour. I think this court's precedents preclude the argument that Mr Vasquez is making. OK, walk us through that. The rule of orderliness means we have a messy slate. Sure. In United States v. Segura, that's the case where this court said that the force of a prior panel's opinion is not limited just to that opinion's holding. It's limited to the aspects of the opinion that are necessary to the result. And so, we're looking not just at the holding of the prior panel's opinions, we're looking at the aspects of the reasoning that were necessary to the results there. So, we look first at Hinojosa v. Horn, which was the 2018 decision. That individual, one of the two plaintiffs in that case, was denied a passport because the State Department found, and I'm quoting, that she had presented insufficient evidence to establish that she was born in the United States. The State Department...excuse me, the Fifth Circuit nevertheless concluded that her path to judicial review under Section 1503 was direct and guaranteed. The court later applied that holding in the context of Martinez v. Pompeo, another case in which the State Department denied a passport applicant because it concluded that Mr Martinez failed to show he was born in the United States. And again, this court held that 1503 provided a direct and guaranteed path to judicial review for both of those individuals. Those individuals were denied because they presented insufficient evidence of their asserted claim to US citizenship. But in both cases, this court held that 1503, under the INA, provided a direct and guaranteed path to judicial review. This court necessarily could not have made that finding if the individual who's denied for insufficient evidence doesn't have a way to go into court under 1503A. So even if we assume that the magistrate judge's reasoning were correct, and I do want to note that the magistrate judge recommended dismissal, but even if we assume that the magistrate judge and some of the Eastern District of New York cases are correct, this court's precedent says that individuals, including those who are denied for insufficient evidence, have a direct and guaranteed path to judicial review under 1503A. Okay, so let's say we are bound by that, so we have to rule in your favor. Why shouldn't we take this case on bonk, then, to rectify our reading of the statute? Walk us through that. I just don't think there's any need to, Your Honor. I think the fact that this court's prior opinions are clear, this is not a case where there are any particular special circumstances. This is an individual who simply filed outside the five-year limitations period in Section 1503A. I don't think in those circumstances that this is something that the en banc court needs to consider because the prior opinions are clear at this point. Well, I mean, so when you're doing this textual analysis, you were trying to figure out what Congress intended, and you look at what the language says to figure that out. So let's, again, forget all the other cases out there in the world and just look at the statute. What, you know, I asked your opponent about the bucket being, you know, well, you didn't pay for the passport or you have some other bar on leaving the country or something like that, some other reason why not to issue the passport. How do we know Congress was focused on just kind of what you've been saying as opposed to you better have a finding that you're not a U.S. citizen rather than just you didn't put enough proof on to prove that you are? So I think that the D.C. District Court case we said in our briefing, the 1948 case directly addresses this proposition that Congress's intent in enacting Section 1503 was to provide a forum in federal court for individuals who are denied a passport on the ground that they're not a national. And this was Congress's purpose in enacting that statute. So I think that directly answers Your Honor's question that this is the type of grievance that this statute is directed towards. The Ma Ying case? Yes. Yes, Your Honor. I also think the Ninth Circuit's reasoning in the Chinchuk Ming versus Dulles case in the Ninth Circuit in 1955, that court there said that denial for lack of identity or on the grounds of insufficient evidence is, quote, necessarily on the ground that an individual is not a citizen of the United States. So this is an argument that has long been accepted by this court and other courts since 1503 was first enacted into law back in the 1940s or 50s. An individual who is denied their passport application for insufficient evidence is necessarily presumed not to have crossed that evidentiary burden of demonstrating his asserted U.S. citizenship. And in those circumstances, 1503 provides a direct and guaranteed path to review de novo review in a federal court. I'd also like to address the secondary basis for, unless there are no further questions, on the adequate alternative remedy point. The secondary basis why this court should affirm the district court's decision below is because this court, excuse me, Congress has not withdrawn the United States sovereign immunity for passport denial claims that are filed more than five years after the initial denial. And I think Kambranis versus Blinken, the 2021 decision, squarely addresses this point. That when, under the APA, when another statute expressly or implicitly withdraws jurisdiction over the type of claim that's raised, APA jurisdiction is also withdrawn. And in Kambranis versus Blinken, this court held that section 1503 is that exclusive remedy that is directed towards the denial of passport applications. And in that way, it withdraws jurisdiction over claims that are filed more than five years after the first final administrative denial. Okay, so if we said that there was a clean slate, is there an argument that we don't need to reach this question because of the State Department saying it does not appear that you have a claim to U.S. citizenship? Is that a conclusion that you're not a U.S. citizen? In the letter, the State Department letter? So if the State, I apologize, are you asking if the State Department issued a different decision? I'm saying the State Department letter said it does not appear that you have a claim to U.S. citizenship. Is that a conclusion that you are not a U.S. citizen? So we would not need to reach the statutory textual argument, even if we thought there was a clean slate? Understood. Apologies, Your Honor. I don't think the court needs to go that far. I think the State Department's decision, the reasoning of the decision was that there was insufficient evidence of Mr. Vasquez's father's physical presence in the United States, and that is really the core of the reasoning that we're grappling with here. Of course, you know, our position is that in terms of 1503A, a determination of insufficient evidence of citizenship is. So you don't think that is a finding of no citizenship? I think the State Department's letter is, you know, the reasoning was that, I don't think so, Your Honor, no. I think the State Department's finding was that there was insufficient evidence of U.S. citizenship, and so that's the type of claim, you know, we're squarely grappling with in this particular circumstance. And I'm happy to continue, you know, answering further questions from the panel, but I believe this is. It did seem a little quirky that whatever his brother submitted was okay, and what he did wasn't, and so forth. Of course, I'm sure there's giant claims submitted and so forth, but is that a factor at all? Well, Mr. Vasquez's brother's passport application was revoked in September 2020 because it was deemed erroneously granted. We didn't brief this because it wasn't part of the record below. Oh, my heck. And so we could, you know, we'd be fine submitting that, you know, that revocation letter to the state, excuse me, to the court, but it wasn't in the record below. That's why it didn't factor into our briefs, but in September 2020, that was revoked. And for what it's worth then, Mr. Vasquez's brother now has five years to file, a 1503A claim in federal court. Okay. Interesting. Oh, my God. Well, I guess that was one of the troubling aspects of the case to me, that apparently his brother submitted what was almost identical evidence and was approved, so, and this has nothing to do with this case, but so it was revoked for being erroneously granted. So is there some periodic review? Is that how, do you know how it came up again? I believe it may have come up in the context of this litigation. This is how the issue was brought to the State Department's attention, but beyond that I've only seen the denial letter itself. All right. Thank you very much, Your Honors. We would urge the court to affirm the decision below. That answers that question. Okay. Thank you. All right. Mr. Maldonado, you reserved your rebuttal time. Yes, Your Honor. If I can have a quick step back and answer the court's question. It is an issue that the court has not addressed, but it's not an issue on which the court is writing on a blank slate because in Martinez v. Pompeo and in Cambranes and in Hinojosa, the court was already interpreting the statute. It just simply wasn't presented with the argument that insufficiency of the evidence doesn't come within 1503A. And so it is not writing on the clean slate in the sense that there is no law out there. There is law out there where panels of this court, judges of this court, recognize that that argument had not been presented to the court before. On the issue of judge — Yeah, but if we say a statute means X and then somebody comes and makes some different argument about it that no one had ever made, I think we're still bound by the statute means X. No, Your Honor. I don't believe that is true. Tell me the case that says, okay, you don't have to follow your prior precedent if it wasn't bound on a good argument. I was trying to look for it on my phone right now. It was a decision from Judge Smith in, I believe, July of this year that had to do with the interpretation of the Texas Delivery of Controlled Substance statute. In prior panels, this court held that delivery of controlled substance under Texas law was not a drug trafficking offense because it included an offer to sell. In all the other prior cases, the government had conceded that argument. Judge Smith wrote that the court, that this court could address anew the argument of whether an offer to sell was included in delivery of — offer to sell was included in the federal statute such that if it was included, then Texas delivery of a statute matched the federal statute. Well, no, Your Honor, that's just a whole different universe. That's the — It is, Your Honor. In the — it is and it isn't in the sense that Judge Smith's there addressed the issue of what do you do when other parties have — when the parties in other cases have conceded a legal issue? Are the panels bound? And the court says, we are not bound by those prior panels. The issue of the — that Judge Haynes presented in terms of the bucket, it's a slippery slope, Your Honor, because Congress wrote a jurisdictional statute here about what must be included, what is required for the court to have jurisdiction over the issue. So we will add insufficiency of the evidence now. And maybe it will also include lack of identity. And maybe it will also include lack of Social Security. And maybe it will also include lack of including photographs. And where is the — what is the limiting principle of what the denial — what comes within 1503A? To what I've been struggling with is I don't really understand how lack of evidence is different from being X. I realize, again, that you can have a bad lawyer and lose your case because they didn't put on the right evidence. I get that. I've seen that. But that's still how our courts and agencies work. You come in, you put on this evidence, and you win or you lose. That's how it works. So the notion that that is somehow vastly different from actually being X, failing to prove X is some vast difference from being X, I mean, that's just inconsistent in my view with our world in which you have to come in and prove it or you don't win, regardless of what, quote, the truth is. I understand, but I — but we have to go back to Congress wanted federal courts only to review certain citizenship claims. But I mean, Congress knows how our courts work. Congress knows that to win a car wreck, you have to come in and put on evidence that the person, you know, ran the red light. And if you don't put that on, that doesn't mean they didn't run the red light. It just means you didn't win. I — that's my problem. I understand you can look at the language. You fell here from Mars and you just look at the language, but it seems to ignore the reality of our court and agency system where people have burdens of proof they need to meet or X just doesn't get — Not necessarily, Your Honor, because, you know, for a reason, Congress wanted a final finding from the agency, a final determination. If that determination doesn't exist, then there is no denial of a right of privilege as a national. One other point. The cases that the court — that the government relies on — What's the final determination, a denial of — they — the passport was denied. It wasn't like they said, well, we'll give you another six months to — But a denial based on non-nationality. That's what Congress demands. OK. The cases that the government relies on, the Seventh and the Ninth Circuit — let's look at the Ninth Circuit. The court found jurisdiction because there was a delay in adjudicating the passport. And the court says delays of adjudication of a passport comes within 1503A. Clearly, that is not contemplated by the statute. I see that my time has run out. Thank you so much, Your Honor. All right. Thank you, Mr. Maldonado. We appreciate your briefing and your argument to the court. This case will be submitted and —